IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CV-57-BO

| | |
|---|---|
| SAMUEL SHERBROOKE CORPORATE, LTD., et al., ) ) ) Plaintiffs, ) ) ) v. ) ) GABRIEL MAYER, et al., ) ) Defendants. ) | **ORDER** |

This matter is before the court on Defendants' joint motion to stay discovery pending resolution of their motion for judgment on the pleadings. [DE-33]. Plaintiffs oppose the motion. [DE-38]. For the reasons that follow, Defendants' motion to stay is denied.

Defendants seek a stay of discovery pending resolution of their motion for judgment on the pleadings, which asserts that the sole federal claim should be dismissed for failure to state a claim and the remaining state law claims should be dismissed for lack of jurisdiction, or alternatively, that some of the state law claims should be dismissed for failure to state a claim. [DE-30, -31]. Plaintiffs oppose the motion to stay and contends that the claims are adequately pled, even if the motion for judgment on the pleadings were granted it would not dispose of all claims and Plaintiffs would have the opportunity to amend their allegations, further discovery may be necessary in the event Plaintiffs are required to amend the complaint, and Defendants' delay in filing the motion defeats good cause. [DE-38].

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery until pending

dispositive motions are resolved. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources. *United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo*, 2008 WL 516744, at *2 (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003)).

Here, the balance of factors weighs against staying discovery. First, the motion is unlikely to terminate all claims. Defendants acknowledge that even if the court dismisses the claims for lack of subject matter jurisdiction, Plaintiffs may elect to refile the matter in state court. Next, the motion for judgment on the pleadings is vigorously contested by Plaintiffs. The court cannot find that there is strong support for the dispositive motion on the merits, and staying discovery at this time would likely cause substantial delay given that even if the motion is allowed, Plaintiffs would likely seek to amend the complaint. Allowing discovery to proceed at this time poses minimal risk of prejudice to Defendants, while the passage of time may impede Plaintiffs' ability to acquire evidence. Accordingly, the motion to stay is denied, and parties should proceed with discovery in accordance with the Scheduling Order.

SO ORDERED, the 16 day of May, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge