IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

SHERBROOKE CORPORATE, LTD., and
SAMUEL GOLDNER,

    *Plaintiffs*,

v.

GABRIEL MAYER, BEAU WALKER, JOE
MATTHEW QUEEN, and HELIOS RISK
SOLUTIONS, LLC,

    *Defendants*,

Case No.: 5:24-cv-00057-BO-RJ

## STIPULATED PROTECTIVE ORDER
## AND CONFIDENTIALITY AGREEMENT

IT IS HEREBY AGREED by Plaintiffs Sherbrooke Corporate, Ltd. and Samuel Goldner ("Plaintiffs"), and Defendants Gabriel Mayer, Beau Walker, Joe Matthew Queen, and Helios Risk Solutions, LLC ("Defendants") (each a "Party" or "Recipient" or collectively, the "Parties"), by and through their respective counsel, that in order to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties enter into the following agreement (the "Agreement").

This Agreement shall govern the use, handling, and disclosure of all confidential information regarding or relating to the above-captioned proceeding and the action styled *Sherbrooke Corporate, Ltd., et al. v. Gabriel Mayer, et al.* (5:24-CV-00057) (United States District Court for the Eastern District of North Carolina) (the "Proceedings"), including without limitation all materials containing or reflecting e-discovery pricing estimates, confidential, non-public, financial, proprietary, commercially sensitive, and/or private information of an individual or entity (hereinafter referred to as "Confidential Information").

1. **Scope.** This Order shall govern all documents and information produced in this case by any Party, or persons or entities not a Party to this action, whether produced informally or pursuant to a formal discovery request, and shall also include all documents or information contained in a document, or information revealed during a deposition or in any interrogatory answer or otherwise disclosed in discovery. Nothing in this Order precludes any Party from seeking relief from the Court regarding the production of documents or information. This Order does not alter any confidentiality obligations that a Party may have at law or under another agreement

2. **Designation of Confidential Information.** Any Party may designate information or documents produced or furnished by that Party or a third party during the course of this proceeding as "Confidential." Materials that contain trade secret information or that is otherwise of such a highly sensitive nature that the disclosure of the information may result in substantial harm may be designated as "Highly Confidential—Attorney's Eyes Only". A "Confidential" or "Highly Confidential—Attorney's Eyes Only" designation shall constitute a representation by the Party and its counsel that they, in good faith, believe that the material so designated contains or constitutes, at the time of the designation, commercial or business information, personnel information or other information of a non-public nature considered by the producing Party to be confidential and/or proprietary (collectively, "Confidential Information").

Any document or information that a Party deems to contain Confidential Information and that is furnished by such Party shall be conspicuously labeled by such Party on each page of such document with the designation "Confidential" or "Highly Confidential—Attorney's Eyes Only." The label shall not obscure or make the contents of any portion of a document or information to which it is affixed unreadable or undecipherable. If a Party deems any documents or information

2

furnished by a third party to contain Confidential Information, that Party shall designate such documents or information "Confidential" or "Highly Confidential—Attorney's Eyes Only" by informing the other Party in writing and identifying the specific documents and information it seeks to designate as Confidential Information. A Party receiving information, documents, or things that it believes to be confidential under the standards provided herein may designate the same as "Confidential" or "Highly Confidential—Attorney's Eyes Only". Such designation shall be provided to the disclosing party (if not a party to this suit) and/or the parties to this suit in writing within a reasonable period of time following receipt. In this instance, disclosure shall be made by written reference to the Bates-label of the document designated "Confidential" or "Highly Confidential—Attorney's Eyes Only". If a designating party discovers that material it designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" does not qualify for that level of protection, it must promptly notify any receiving party that it is withdrawing or changing the designation.

Information that is exchanged or transmitted between the parties or counsel verbally or through means other than an exchange of documents can be designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" by describing the means of exchange and indicating, in writing, that the information so exchanged is designated as Confidential Information.

Third parties may designate material "Confidential" or "Highly Confidential—Attorney's Eyes Only" pursuant to the terms of this Order and all its protections and obligations, the same way as if they were a Party to this proceeding.

**Designation Dispute**. In the event a Party disagrees with the designation of Confidential Information by the other Party, the Parties shall try first to resolve such dispute in good faith before seeking intervention of the Court. If it is necessary to present the dispute to the Court for

resolution, it shall be up to the Party opposing the designation to seek from the Court an order removing the disputed Confidential Information designation. Unless and until the Court shall issue a final ruling on any disputed Confidential Information designation, the material in question shall continue to be treated by all Parties as Confidential Information.

If a Party wishes to challenge any other Party's designation of confidentiality based on a good faith belief that the material is not entitled to protection, the objecting Party shall give written notice to the Party who has made the claim of confidentiality, identifying the information or documents that the objecting party contends are not properly designated as confidential and, except in circumstances in which a court setting or deadline would require a shorter time, allow at a maximum five (5) business days for the designating party to provide a written response. If the dispute cannot be resolved, the Party challenging the designation may move the Court for an order for that information's de-designation. The foregoing notwithstanding, it is not necessary for any Party to challenge the designation to assert that any document or information is not confidential or subject to trade secret protection.

A Party's disclosure of documents or information marked "Confidential" or "Highly Confidential—Attorney's Eyes Only" does not constitute a waiver of trade secret protection under North Carolina law, federal law, or other applicable laws. Nor shall anything in this Order be construed as an agreement or acknowledgement by the non-designating party that any information designated for protection as "Confidential" or "Highly Confidential—Attorney's Eyes Only" constitutes a trade secret or is in fact confidential.

3. **Disclosure and Exceptions**. Confidential Information, which herein includes any copies thereof, shall not be publicly disclosed or disseminated, directly or indirectly, by any person or entity with knowledge of this Protective Order except in accordance with the terms of this

4

Protective Order. Confidential Information may be used only for the prosecution or defense of the proceedings captioned *Sherbrooke Corporate, Ltd., et al. v. Gabriel Mayer, et al.* (5:24-CV-00057) (United States District Court for the Eastern District of North Carolina), and not for any other pending or threatened proceeding, or any other purpose. Except as expressly permitted herein or by further order of the Court, all Confidential Information shall be maintained and kept by the other Party in this case in a confidential manner.

A. **Treatment of Confidential Information**

1. Except as otherwise provided in this or subsequent court orders, Confidential Information designated "Highly Confidential—Attorney's Eyes Only" shall not be disclosed or shown to anyone other than "Qualified Persons," who are:

   (a) The Court, or persons employed by the Court, and the jury;

   (b) Duly qualified court reporters and videographers participating in these proceedings, any mediator appointed or retained to mediate this case, and any person appointed to arbitrate this case;

   (c) Outside counsel for the parties, the employees of such attorneys, and agents of such attorneys, to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

   (d) Inside counsel for each Party and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

   (e) Persons who were the authors or recipients of the documents in the ordinary course of business; and

(f) Third-parties retained as consulting experts or testifying expert witnesses for the purposes of this litigation.

As to materials designated as "Confidential," "Qualified Persons" are:

(g) The Parties, the employees of such parties, or the agents of the parties (or the parent or beneficial owner of such Party) to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(h) Persons employed by any Party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including, but not limited, to support personnel (i.e., graphics, translation, design, trial consulting services, mock juries) to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(i) Witnesses in preparation for or in the course of depositions or the trial of this matter;

(j) "Qualified Individuals" who are authorized to receive information designated "Highly Confidential—Attorney's Eyes" only; and

(k) Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the Party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

2. *Sworn Acknowledgement.* Each Qualified Person, except the individuals identified in 1(a)—1(g) and 1(j), given access to designated Confidential Information shall, prior to receiving such disclosure, execute the nondisclosure form attached hereto as Exhibit "A."

6

3. *Use of Confidential Information.* Confidential Information shall be used by the receiving party solely for the prosecution and/or defense of this litigation and only as provided in this Order. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever. It is specifically recognized that any documents obtained in this case from any third party shall not be utilized by the receiving party for any purpose other than the prosecution and/or defense of this litigation.

4. No person shall disclose Confidential Information to any third party, except Qualified Persons, without prior written notice of the specific disclosures and persons involved to the producing party. Such disclosure shall not be made before: (1) fifteen (15) days after notice to the producing party; (2) consent by the producing party; or (3) judicial resolution of any objections to such disclosure made by the producing party, whichever is earlier. Any objections to such disclosure shall be made in writing by the producing party within fifteen (15) days after receipt of notice of any intent to disclose.

5. *Parties' Own Documents.* Notwithstanding anything to the contrary in the foregoing paragraphs, any Party may use without restriction:

    (a) its own documents or information; and

    (b) documents or information developed or obtained by a receiving party independently of discovery in these or related actions or proceedings,

irrespective of whether such document or information has been designated by the producing party as Confidential Information.

6. *Retention of Copies by the Court and Parties.* Within thirty (30) days after the settlement or final adjudication, including appeals, of the action or actions in which the

7

documents have been produced, all Confidential Information supplied by the parties and non-parties and all copies thereof shall be returned to the producing party or non-party (if the supplying party so requests within thirty (30) days of the conclusion of the actions and pays the reasonable costs of such return) or shall be certified to have been destroyed; provided, however, that attorneys for each of the parties may retain a complete file of all litigation documents filed with the Court and work product that reflects or includes information derived from documents or testimony designated as "Confidential" of "Highly Confidential—Attorney's Eyes Only". The Clerk of the Court shall retain Confidential Information in the court file or received into evidence by the Court in accordance with the applicable Rules of Judicial Administration.

4. **Inadvertent Disclosure**. If a Party inadvertently fails to designate a document or other information as "Confidential" or "Highly Confidential—Attorney's Eyes Only", that Party may thereafter designate the document or other information as Confidential Information provided that the Party gives written notice of the correct designation within ten (10) business days of learning of its inadvertent failure to so designate and promptly transmits replacement copies with the correct designations to all Parties after discovery of any failure to designate. Thereafter, such document or information shall be subject to the provisions of this Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other Party. A receiving party's use of such information before receiving notice of the inadvertent failure to designate shall not constitute a violation of this Order. If the Confidential Information has been distributed in a manner inconsistent with this designation, a receiving party will make reasonable good-faith efforts to conform distribution to the designation. If distribution has occurred to a person not under the control of a receiving party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. If the request is not promptly agreed to

8

in writing, or if there is no response, or if the party deems the making of the request to be a futile act, the receiving party shall promptly notify the producing party of the distribution, including the identity of the person or entity not under the control of the receiving party.

Any inadvertent or unintentional disclosure by the Party supplying the Confidential Information (regardless of whether the information was so designated at the time of disclosure), or of documents or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the bank examination privilege, or any other applicable privilege, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or privilege, provided that the supplying party has given notification to the persons or entities to which disclosure was made with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Upon a request from any disclosing party who has inadvertently produced information that it believes is privileged, each receiving party shall immediately return such privileged material and all copies to the producing party, but the receiving party is not required to produce its work product or attorney client information. The Parties intend for this paragraph to be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

If Confidential Information is disclosed to any person not authorized to receive such disclosure under this Order, the disclosing party shall immediately notify counsel for the designating party of the nature and circumstances of the unauthorized disclosure. The disclosing party shall promptly take all reasonable measures to retrieve the improperly disclosed information and to ensure that no further unauthorized disclosure or use is made of the material. Unauthorized or inadvertent disclosure does not change the status of Confidential Information or waive its protection under this Order.

Unless obvious, a receiving party shall be entitled to rely on the absence of the "Confidential" or "Highly Confidential—Attorney's Eyes Only" designation, and shall not violate this Order by good faith disclosure of information during the time it was not designated as Confidential Information.

5. **Disclosure to a State or Federal Regulatory Agency**. Nothing in this Protective Order shall prevent disclosures beyond the terms of this Protective Order by any Party compelled to disclose Confidential Information to any state or federal regulatory agency. Said disclosure shall be made after reasonable Notice and leave of court.

6. **Subpoena of Confidential Information**. If, in another action or proceeding, any Party in receipt of Confidential Information receives or has received a subpoena, summons, or demand which seeks Confidential Information, the Party receiving the subpoena or document demand (a) shall, to the extent not prohibited by law, give written notice by email within five (5) business days of the receipt of such subpoena or demand to undersigned counsel for the Party or Parties that produced and/or designated the Confidential Information and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved, if the Party that produced the Confidential Information takes prompt action to resolve the dispute either voluntarily or through court proceedings if necessary.

7. **Use of Confidential Information at Depositions and in Court Filings**. To the extent documents designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" are used in the taking of depositions, such documents shall remain subject to the provisions of this Order and shall be maintained under seal by the clerk or court reporter. Deposition testimony shall be deemed "Confidential" or "Highly Confidential—Attorneys' Eyes Only" only if designated as

10

such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as Confidential and shall be made no later than ten (10) days after receipt of the transcript.

Before filing any information that has been designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" with the Court, or filing any pleadings, motions or other papers that disclose any such information, filing counsel shall confer with counsel for the Party that designated the information "Confidential" or "Highly Confidential—Attorneys' Eyes Only" about how it should be filed. If the Party that designated the information "Confidential" or "Highly Confidential—Attorneys' Eyes Only" desires that the materials be filed under seal, then the filing Party shall file the materials under seal, in accordance with any applicable court rules. If a motion to file under seal is required, the Parties agree to cooperate in the filing of such motion.

8. **Use at Trial**. This Protective Order shall not apply to the disclosure of Confidential Information at the time of trial through the receipt of documents designated Confidential Information into evidence or through the testimony of witnesses. The closure of trial proceedings and the sealing of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon motion of the parties.

9. **Disputes**. Any dispute concerning the application of this Order shall be heard by the Court upon motion by the objecting party. This Order in no manner circumvents the requirements of the Federal Rules of Civil Procedure.

10. **Admissibility**. Nothing contained in this Order, and no action taken under this Order, shall prejudice the right of any Party to urge or contest the alleged relevancy or admissibility of any information or any documents subject to this Order.

11

Case 5:24-cv-00057-BO-RJ    Document 43    Filed 09/06/24    Page 11 of 14

11. **Modification**. Any Party may by written agreement or a motion to this Court, seek a modification of this Order.

12. **Additional Court-Prescribed Procedures**. This Court may prescribe additional procedures as it deems reasonable and necessary with respect to Confidential Information during discovery, at any hearing, or at the trial of this case.

**IT IS SO ORDERED.**

Entered this 4 day of Sept., 2024.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

WE SO STIPULATE this 27th day of August, 2024.

For Plaintiffs,

/s/ Brian A. Kahn
Brian A. Kahn
N.C. Bar. 29261
Nicholas A. Verderame
N.C. Bar 59564
McGuireWoods LLP
201 N. Tryon Street
Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2075
Facsimile: (704) 343-2300
bkahn@mcguirewoods.com
nverderame@mcguirewoods.com

For Defendants,

/s/ David L. Pardue
David L. Pardue
Parker Poe Adams & Bernstein LLP
1075 Peachtree Street NE, Suite 1500
Atlanta, GA 30309
davidpardue@parkerpoe.com

Scott Elliot Bayzle
Parker Poe Adams & Bernstein LLP
P.O. Box 389
Raleigh, NC 27602
Scottbayzle@parkerpoe.com

Clifton Andrew Dandison
Cranfill Sumner LLP
5535 Currituck Drive, Suite 210
Wilmington, NC 28403
adandison@cshlaw.com

F. Marshall Wall
Cranfill Sumner & Hartzog LLP
P.O. Box 27808
Raleigh, NC 27611
mwall@cshlaw.com

12

**EXHIBIT "A"**

13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

SHERBROOKE CORPORATE, LTD., and
SAMUEL GOLDNER,

    *Plaintiffs*,

v.

GABRIEL MAYER, BEAU WALKER, JOE
MATTHEW QUEEN, and HELIOS RISK
SOLUTIONS, LLC,

    *Defendants*,

Case No.: 5:24-cv-00057-BO-RJ

## NON-DISCLOSURE AGREEMENT

I have been provided access by counsel for one of the parties to the above lawsuit to information marked "Confidential" or "Highly Confidential—Attorney's Eyes Only". I understand that such designation was made subject to the terms of the Agreed Protective Order in the above lawsuit, of which I have been provided a copy.

If Confidential Information has been physically provided to me, I agree to return or destroy such Confidential Information at the direction of the person providing it to me.

I agree that in all respects I will be bound by and abide by the terms of the Protective Order entered in this case. I will not communicate or show the contents of Confidential Information to any other person (other than persons defined as "Qualified Persons" in the Protective Order), will not make copies of such Confidential Information except as necessary to perform services in this case, and will preserve such Confidential Information as confidential.

This Acknowledgment does not prohibit me from using or disclosing documents or information to which I gained access after the date of this litigation by legitimate means other than by provision from a person bound by the terms of the Protective Order in this action.

_____
Signature

_____
Printed Name